1
2
NOTE: CHANGES MADE BY THE COURT
3
4
5
6
7
8
9
10

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11
12

DAVID A. HUNT,

           Plaintiff,

13

    v.

14
15

KIEWIT INFRASTRUCTURE WEST CO. and KIEWIT PACIFIC COMPANY,

16

           Defendants.

17
18

      - and -

KIEWIT INFRASTRUCTURE WEST CO.,

19
20

           Plaintiff,

21

    v.

22

DAVID A. HUNT,

23

           Defendant.

Case No. CV 15-4649-GW (JPRx)

Hon. George H. Wu

**PROTECTIVE ORDER ON JOINT STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION**

24
25
26
27
28

21213789v.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TO THE INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Based on the Stipulation For Protective Order Regarding Production of Confidential Information [Docket # 26], and for good cause shown,

IT IS HEREBY ORDERED:

Certain documents and other information disclosed in the above-referenced case shall be protected as follows:

1.      The parties acknowledge that discovery in this lawsuit may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary, private and/or otherwise confidential in nature.

2.      The parties agree that any party or non-party subject to discovery in this action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action as "Confidential" (hereafter referred to as "Confidential Information").  "Confidential Information" is information that has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary, or otherwise non-public business, technical, or financial information, employee personnel and earnings information, or information protected by third-party privacy rights.  Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also to any summaries, copies, abstracts, compilations, or other documents or material derived from Confidential Information.  The parties acknowledge that the only information to be designated as Confidential Information is that which is properly subject to protection.  The parties will not designate as "Confidential" any discovery material without first making a good faith determination that such protection is warranted.

[PROPOSED] PROTECTIVE ORDER ON JOINT STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION
Case No. CV 15-4649-GW (JPRx)

21213789v.2

3.      The party or third party asserting the "Confidential" designation as to any discovery material shall have the burden of justifying that designation consistent with applicable law.  Until the Court rules otherwise, the challenged discovery material shall be treated as Confidential.

4.      In the case of documents and other materials produced by a party, the "Confidential" designation shall be made at the time of production.  A producing party may designate as "Confidential," in whole or in part, any documents or other materials by so advising all other parties and by marking any copies of the documents or other materials, in a manner not affecting legibility, with the word "Confidential" next to the confidential portions.  Any party may obtain confidential treatment for documents or other materials previously produced by any party or non-party without such designation if the party seeking the designation sends written notice of such designation to all other parties or non-parties in the possession of such documents or other materials, and within thirty (30) days of their production marks the subject documents or other materials with the word "Confidential" and reproduces them.  All documents and other materials produced by a non-party and not designated as "Confidential" by a party at the time of their production shall nonetheless be treated as Confidential Information for thirty (30) days following such production.

5.      With respect to testimony elicited during depositions, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" within twenty-one (21) days after receipt of the deposition transcript.

21213789v.2

6.      Confidential Information will be held by the receiving party exclusively for use in connection with the above-captioned action and any appeals.  A party shall not disseminate any Confidential Information produced by the other party or by a non-party except as necessary for use in this litigation, and subject to the further restrictions set forth in paragraph 7, below.  The parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

7.      Confidential Information shall not be used or disclosed directly or indirectly by the party receiving such Confidential Information to persons other than:

(a)      The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action, and any special master or mediator appointed by the court or agreed-to by the parties;

(b)      Counsel of record for any party to this action, as well as regular employees of such counsel, and outside copy services, used to assist in the defense or prosecution of this litigation;

(c)      Experts and consultants retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation;

(d)      Any individual party;

(e)      Any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance, and the Confidential Information disclosed to such an individual shall only consist of the type of document or information that the employee, former employee, or

4

[PROPOSED] PROTECTIVE ORDER ON JOINT STIPULATION REGARDING PRODUCTION
OF CONFIDENTIAL INFORMATION
Case No. CV 15-4649-GW (JPRx)

21213789v.2

independent contractor would have had access to in the normal course and scope of his/her employment or engagement with the party;  and

(f)     Any person agreed upon by the parties to serve as a mediator.

8.     Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 7(c), (e) or (f) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A.  All such undertakings shall be retained by counsel for the party who discloses Confidential Information in this way.

9.     Any party may object to the designation of particular documents or other materials as "Confidential" by giving written notice to the party making the designation and to all other parties within fourteen (14) days of such designation. Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection.  The parties shall attempt to resolve any such dispute by meeting and conferring.  In the event the dispute cannot be resolved within fourteen (14) days of the giving of such written notice, it shall be the obligation of the party designating the documents as "Confidential" to file an appropriate motion under Local Rule 37  requesting a ruling by the Court that the disputed documents or other materials be designated "Confidential."  The disputed documents or other materials shall be treated as "Confidential" pending a ruling from the Court.

10.     Nothing in this stipulation shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

11.     The parties acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Central District Local Rule 79-5 sets forth the procedures that must be followed and reflects the

21213789v.2

standards that will be applied when a party seeks permission from the Court to file material under seal.

12.     Any party may consent to have any documents or other materials it previously designated as "Confidential" removed from the scope of this Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition.  Nothing contained in this Order shall prevent any party from disclosing its own Confidential Information as it deems appropriate.

13.     The provisions of this Order shall not terminate at the conclusion of this action.  Within 120 days of final conclusion of all aspects of this litigation, including any and all appeals, documents and other materials stamped or otherwise identified as "Confidential" and all copies of same (other than exhibits of record) shall be returned to the party that produced such documents or, at the option of the producing party, destroyed.  All counsel of record shall execute a certification of compliance with this provision and shall deliver the same to counsel for the party that produced the documents not more than 120 days after final termination of this litigation.

14.     The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work product materials.

15.     If any privileged or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed.  Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such discovery material and copies identified in the notice in its possession, and shall

6

[PROPOSED] PROTECTIVE ORDER ON JOINT STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION
Case No. CV 15-4649-GW (JPRx)

21213789v.2

make reasonable efforts to reclaim and return any such discovery material and information.  The party that has inadvertently produced or disclosed such information shall, within ten (10) business days after such material is returned to it, provide a privilege log identifying the discovery material and the copies returned to the producing party such that the non-producing party is able to challenge the producing party's claim that the discovery materials are privileged or otherwise protected.

16.    This Stipulation and Order is subject to revocation and modification by order of the Court, upon written stipulation of the parties approved by the Court, or upon motion and reasonable notice.


    IT IS SO ORDERED.


Dated:  October 20, 2015                    _____

                                            Honorable Jean P. Rosenbluth
                                            United States Magistrate Judge

7

[PROPOSED] PROTECTIVE ORDER ON JOINT STIPULATION REGARDING PRODUCTION
OF CONFIDENTIAL INFORMATION
Case No. CV 15-4649-GW (JPRx)

21213789v.2

**EXHIBIT A**

**CONSENT TO BE BOUND**

I, _____, declare:

     1.    My address is _____

_____.  My

present occupation is _____.

     2.    I have received a copy of the Stipulation and Protective Order Re: Production of Confidential Information (the "Protective Order") in this action entitled *David A. Hunt v. Kiewit Infrastructure West Co., et al.*  I have carefully read the provisions of the Protective Order, and I understand those provisions.

     3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence and will not copy or use except for purposes of this action any information designated as "Confidential" that I receive or view in this action.

     4.    I further irrevocably consent to the jurisdiction of the United States District Court, Central District of California, for the limited purpose of any proceeding to enforce or to secure compliance with the terms of the Protective Order or to punish the breach of any terms of the Protective Order.

     I declare under penalty of perjury under the laws of the United States of America and the laws of the State of _____ that the foregoing is true and correct.

Executed this _____ day of _____, 2015.


                                     _____

                                         Signature

8

[PROPOSED] PROTECTIVE ORDER ON JOINT STIPULATION REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION
Case No. CV 15-4649-GW (JPRx)

21213789v.2